**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MORRIS ALLEN JAMES** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-4898** |
| **LYLE W. CAYCE, ET AL.** | **SECTION "A"(1)** |

**REPORT AND RECOMMENDATION**

Plaintiff, Morris Allen James, a federal prisoner, filed this *pro se* civil action pursuant to 42 U.S.C. § 1983. He named as defendants Lyle W. Cayce and Monica Washington, who are, respectively, the Clerk of the United States Fifth Circuit Court of Appeals and a deputy clerk of that same court. He claims that defendants denied his right of access to the courts by returning a pleading to him unfiled.

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
>
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re* Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint,[1] the undersigned recommends that, for the following reasons, the complaint be dismissed as frivolous and/or for failing to state a claim on which relief may be granted.

The instant case is the latest volley in a long-running dispute between plaintiff and the Office of the Clerk of the United States Fifth Circuit Court of Appeals over the manner in which Clerk's Office personnel perform their duties. See, e.g., Morris v. Fulbruge, Civ. Action No. 07-5429, 2008 WL 4059069 (E.D. La. May 27, 2008). This time, plaintiff is complaining that defendants Cayce and Washington "conspired" to deprive him of his right of access to the courts by returning a pleading unfiled.[2]

Specifically, in March of 2013, plaintiff sent the Clerk's Office a "Petition for Writ of Mandamus" requesting that the United States District Court for the Northern District of Mississippi be ordered to grant his motion for reconsideration or allow his appeal to proceed in his federal

---

[1] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

[2] Rec. Doc. 1, p. 2.

criminal case.[3] On March 11, 2013, defendant Washington returned that document to plaintiff with a letter stating: "I am returning your petition, complaint or other papers for the following reason(s): This Court has no jurisdiction to grant the requested relief absent a formal appeal."[4] Plaintiff then promptly responded by submitting to the Clerk's Office a "Motion to Modify Clerk Office, Refusal" and "Complaint" challenging Washington's refusal to file his pleading.[5] It is unclear what, if any, response he received to those submissions.

To the extent that plaintiff is alleging that Cayce and Washington "conspired" to violate his rights, that allegation is entirely conclusory. Conclusory allegations of conspiracy fail to state a § 1983 cause of action. Small v. Dallas County, Texas, 170 Fed. App'x 943, 944 (5th Cir. 2006); Russell v. Millsap, 781 F.2d 381, 383 (5th Cir. 1985); Wilson v. Budney, 976 F.2d 957, 958 (5th Cir. 1992).

As to plaintiff's underlying access-to-courts claim, that claim also fails. As a preliminary matter, this Court notes that plaintiff has hardly been thwarted in his many attempt to file cases in the United States Fifth Circuit Court of Appeals. On the contrary, the Court of Appeals' records reflect that he has filed numerous actions in that court, including in Docket Nos. 03-60247, 04-61175, 05-60771, 06-60302, 07-60459, 07-60867, 07-60924, 08-30885, 08-30961, 08-60763, 11-60062, 12-60176, and 13-60271. In any event, even apart from the immunity which Cayce and

---

[3] Rec. Doc. 1, pp. 4-6.

[4] Rec. Doc. 1, p. 7.

[5] Rec. Doc. 1, pp. 8-9.

Washington may enjoy,[6] which are issues that this Court need not resolve in order to dispose of this action, the fact they on this occasion required plaintiff to follow the applicable court rules and refused to file an improper document simply is not a constitutional violation. Cf. Williams v. Secretary, Dept. of Corrections, No. 5:07-cv-97-Oc-10GRJ, 2009 WL 1513412, at *3 (M.D. Fla. May 27, 2009) ("There is no constitutional right to file frivolous court cases or abuse the judicial process.").

Moreover, plaintiff's access-to-courts claim fails for an additional reason. Such claims are not cognizable unless the plaintiff's position as a litigant was actually prejudiced by the denial of access. See, e.g., Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999); Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998); McDonald v. Steward, 132 F.3d 225, 230-31 (5th Cir. 1998); Walker v. Navarro County Jail, 4 F.3d 410, 413 (5th Cir.1993). Here, no prejudice resulted from the return of plaintiff's document. In the unfiled "Petition for Writ of Mandamus," the relief he requested was that he be allowed to pursue an appeal of an adverse ruling in his federal criminal case. Shortly after filing this civil action, he in fact filed a notice of appeal in the criminal case, and that appeal is currently pending before the United States Fifth Circuit Court of Appeals in United States v. Morris, No. 13-60271 (5th Cir.). Because he has been allowed to file and pursue the appeal he desired, he has not suffered any actual injury or prejudice resulting from the return of his unfiled mandamus petition.

---

[6] Court clerks and deputy clerks have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's direction, while they generally have qualified immunity for other actions. Tarter v. Hury, 646 F.2d 1010, 1013 (5th Cir. 1981).

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous and/or for failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[7]

New Orleans, Louisiana, this twenty-eighth day of June, 2013.



**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

[7] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.